# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50401 | **DATE** | 5/14/2002 |
| **CASE TITLE** | HOUGHTBY vs. BOX, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
　　　☐ FRCP4(m)　☐ General Rule 21　☐ FRCP41(a)(1)　☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Count VII of the complaint is stricken. Counts II and III are dismissed without prejudice. Plaintiff is allowed 21 days to file amended Counts II and III. If no amendment is filed within the time allowed, the dismissal of Counts II and III will become with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | MAY 14 2002 | |
| | Notified counsel by telephone. | | date docketed | 34 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5-14-02 | |
| | | | date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Carol Houghtby, filed a seven-count complaint in the Eastern Division of the Northern District of Illinois against Charles E. Box, Kristine Cohn, Donald Meier, Linda Campos, Doug Scott, Einar K. Forsman, the City of Rockford, and the Rock River Training Corporation ("RRTC"). Plaintiff alleged a violation of 42 U.S.C. § 1983 in Count I, wrongful discharge in Count II, a claim for violation of the Illinois Wage Payment and Collection Act ("IWPCA"), against RRTC only, in Count III, tortious interference with contract in Count IV, defamation in Count V, intentional infliction of emotional distress in Count VI, and a second claim under the IWPCA in Count VII. The case was transferred to the Western Division on motion of defendant Cohn. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and venue is proper pursuant to 28 U.S.C. § 1391(b).

Defendants RRTC and Linda Campos ("defendants") moved to dismiss Counts II, III, and VII of the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff concedes Count VII should be stricken because it is a duplicate of Count III. (Pl. Resp., p. 6, n.1) Defendants argue Count II is fatally deficient because plaintiff has not alleged an essential element of a retaliatory discharge claim, violation of a clearly mandated public policy. Additionally, they assert Count II should be dismissed as to Linda Campos because she was not plaintiff's employer. Further, defendants maintain that Count III should be dismissed because plaintiff failed to allege that she performed work for RRTC, and therefore, she is not entitled to wages under the IWPCA.

A complaint may be dismissed on a 12(b)(6) motion only if it is clear no relief could be granted under any set of facts that could be proved consistent with the complaint's allegations. See Swierkiewicz v. Sorema N.A., __ U.S. __, __, 122 S.Ct. 992, 998 (2002).

Defendants urge dismissal of Count II because plaintiff has not alleged a violation of clearly mandated public policy which is required for a retaliatory discharge claim in Illinois. Under Illinois law, wrongful discharge must involve either employees with contract terms which make their employment other than at-will, e.g. Doyle v. Holy Cross Hospital, 682 N.E.2d 68, 69 (1st Dist. 1997), affm'd 708 N.E.2d 1140 (1999), or employees who have been discharged in violation of a clearly mandated public policy. E.g. Jacobsen v. Knepper & Moga, P.C., 706 N.E.2d 491, 493 (Ill. 1998). Plaintiff concedes in her response she is not claiming she was discharged in violation of a clearly mandated public policy. (Resp. p. 5) She has not alleged in Count II that she was other than an at-will employee. At-will status is presumed under Illinois law. See Duldulao v. St. Mary of Nazareth Hosp. Ctr., 505 N.E.2d 314, 317 (Ill. 1987). Accordingly, Count II must be dismissed.

Additionally, Campos seeks dismissal from Count II arguing she was not plaintiff's employer and that only an employer can be liable under Illinois law for wrongful or retaliatory discharge. As plaintiff acknowledges, she is not raising a retaliatory discharge claim. Plaintiff asserts Campos "approved and arranged the wrongful suspension and ultimate termination of Plaintiff's employment." (Pl. Resp., pp. 5-6) Plaintiff does not offer a legal theory as to why this alleged action makes Campos liable under Count II and the court is unable to discern one. As to Campos, Count II does not provide fair notice of what plaintiff's claim is. See Dewalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000). Campos is entitle to dismissal from Count II.

In count III, Plaintiff asserts a claim against RRTC under the IWPCA for wages due. (Compl. ¶78). Under the IWPCA, "wages" are defined as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties . . . ." 820 ILCS 115/2. Section 3 of the IWPCA requires employers to pay every employee "all wages earned during the . . . pay period." 820 ILCS 115/3. Defendants do not cite any cases supporting their argument the IWPCA requires a salaried employee to actually perform services during the applicable pay period in order to be entitled to the act's protection. At least two court's have rejected that interpretation. See Anderson v. Illinois Bell Telephone Co., 961 F. Supp. 1208, 1217 (N.D. Ill. 1997); Shields v. Associated Volume Buyers, Inc., 1994 WL 110397, *2 (N.D. Ill. March 31, 1994). The court likewise rejects defendants' argument. However, plaintiff has not pleaded in Count III that she had a contract or agreement with RRTC entitling her to be paid wages after October 3, 2000. Count III must therefore be dismissed.

For the reasons stated above, Count VII of the complaint is stricken. Counts II and III are dismissed without prejudice. Plaintiff is allowed 21 days to file amended Counts II and III.[1] If no amendment is filed within the time allowed, the dismissal of Counts II and III will become with prejudice.

---

[1] If plaintiff elects to amend Counts II or III to allege the existence of a contract and violation of its terms, she is reminded that such allegations must have evidentiary support in order to comply with Fed. R. Civ. P. 11.